Y. YONEMOTO ET AL. *v.* UNITED STATES

No. 4721.—Invoices dated Fukuyama, Japan, February 8, 1938, etc.
    Certified February 9, 1938, etc.
    Entered at Honolulu, T. H., February 24, 1938, Hilo, T. H., September 12, 1938, etc.
    Entry Nos. 2729, A–74, etc.

(Decided February 2, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

BROWN, Judge: The reappraisement appeals listed in schedule A hereto attached and made a part hereof have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed by and between counsel for plaintiffs and the Assistant Attorney General for the United States, subject to the approval of the court:

1) That the merchandise covered by the appeals enumerated in annexed schedule, marked "A" on the invoices and initialed by Examiner A. Hellthaler, Leslie F. Brewer, consists of rubber-soled shoes of the same character and description as those covered by Samura v. US, Reap. Dec. 4437, and appraised on the same basis, and that the record in said decision may be incorporated herein.

2) That the unit invoiced values of said shoes, plus packing and cases as invoiced, represent the foreign and export values as defined in section 402, tariff act of 1930.

3) That the appeals as to all other merchandise not included supra and contained in the invoices is abandoned.

4) That these cases may be submitted on the foregoing stipulation.

In harmony with the stipulation I find the foreign and export values as those values are defined in section 402, Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the items marked "A" on the invoices and initialed by examiner A. Hellthaler, Leslie F. Brewer, unit invoiced values, plus packing and cases as invoiced.

As to any other merchandise involved, the appeals having been abandoned, I find the dutiable values to be the values returned by the appraiser.

Judgment will be rendered accordingly.